IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| | : | |
| v. | : | CRIMINAL INDICTMENT |
| | : | NO. 1:06-CR-382 |
| **STEPHEN D. SMITH,** | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT STEPHEN D. SMITH'S MOTION IN LIMINE
TO LIMIT THE SCOPE OF CROSS-EXAMINATION OF ACCUSED
DURING THE HEARING OF DEFENDANT'S MOTION TO SUPPRESS
WITH CITATION OF AUTHORITY**

COMES NOW DEFENDANT, Stephen D. Smith, by and through his undersigned counsel, and moves the Court in limine to limit cross-examination of him by the government at the hearing of his motion to suppress illegally seized evidence, and in support shows the court the following:

**FEDERAL RULE OF EVIDENCE 104(d)**

Rule 104(d) of the Federal Rules of Evidence provides that the "the accused does not, by testifying upon a preliminary matter, become subject to cross-examination as to other issues in the case."  The notes of the Advisory Committee make clear that this limitation upon cross-examination is "designed to encourage participation by the accused in the determination of preliminary matters. . .without exposing himself to cross-examination

-1-

generally. . .because of the breadth of cross-examination under Rule 611(b)."

While the rules of evidence do not usually apply to preliminary determinations in the absence of a jury, Rule 104(d) by its specific terms confers a privilege upon the accused if he decides to take the stand as a witness during a hearing of a preliminary matter such as his own motion to suppress illegally seized evidence.  Thus, the privilege of being subject to a cross-examination limited to questions material to the issue of the legality of the challenged search and seizure, if he should choose to testify, is applicable.

WHEREFORE, Defendant Smith respectfully requests that the Court limit any cross-examination of him by the government if he decides to testify at the hearing of his motion to suppress illegally seized evidence to questions material to the issue of the legality of the challenged search and seizure.

>Respectfully submitted,
>
>*/s/ Edward D. Tolley*
>Edward D. Tolley
>Georgia Bar Number: 714300
>Counsel for Defendant Smith

COOK, NOELL, TOLLEY, BATES & MICHAEL, LLP
304 E. Washington Street
P. O. Box 1927
Athens, GA 30603
(706)549-6111

/s/ *Barett M. Bloomston*
Brett M. Bloomston
Alabama Bar No.ASB4662M69B
Counsel for Defendant Smith

BLOOMSTON & CALLAWAY
Suite G10
1330 21st Way South
Birmingham, AL 35205
(205) 212-9700

/s/ *W. Bruce Maloy*
W. Bruce Maloy
Georgia Bar Number: 468525
Counsel for Defendant Smith

MALOY & JENKINS
75 Fourteenth Street, N.W.
2500 The Grand
Atlanta, GA 30309
(404) 875-2700

CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing Defendant Stephen D. Smith's Motion in Limine To Limit the Scope of Cross-Examination of Accused During the Hearing of Defendant's Motion to Suppress upon counsel using the ECF system which will automatically send e-mail notification of such filing to opposing counsel, Aaron Danzig and Randy Chartash.

This the 19th day of February, 2007.

/s/ Edward D. Tolley
Edward D. Tolley
Georgia Bar No. 714300

COOK, NOELL, TOLLEY, BATES & MICHAEL, LLP
304 E. Washington Street
P. O. Box 1927
Athens, GA 30603
(706) 549-6111
Counsel for Stephen Smith